UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **FARAJI OMAR GARTH,** ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No.3:04cv0595 AS |
| ) | |
| **CECIL DAVIS, Superintendent,** ) | |
| **Indiana State Prison,** ) | |
| ) | |
| Respondent ) | |

## *MEMORANDUM OPINION AND ORDER*

On or about September 14, 2004, *pro se* petitioner, Faraji Omar Garth, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. There was an amended petition filed by this petitioner on March 30, 2005. The Response and Memorandum of Law filed on behalf of the respondent by the Attorney General of Indiana on April 4, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The state court record has been filed in multi volumes on or about April 5, 2005. The petitioner filed a Traverse on April 21, 2005, which this Court has carefully examined.

The state court proceedings involving this petitioner were had in the Circuit Court of Vanderburgh County in Evansville, Indiana. The Court of Appeals of Indiana, speaking through Judge Rucker, entered an unpublished memorandum decision on November 12, 1999, in which Judges Staton and Najam concurred. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and

incorporated herein. The petitioner did not seek transfer to the Supreme Court of Indiana. With regard to the 2004 opinion of the Court of Appeals of Indiana, the Supreme Court of Indiana denied transfer on June 17, 2004, which may obviate any argument generally about *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The 2004 opinion of the Indiana Court of Appeals is attached hereto as Appendix "B".

On November 4, 2002, the Supreme Court of the United States issued two unanimous opinions in *Early v. Packer*, 123 S.Ct. 362 (November 4, 2002), and *Woodford v. Visciotti*, 123 S. Ct. 357, 360-61 (November 4, 2002) which opinions are well worth close and careful attention in the lower areas of the federal judiciary. More recently in the same vein, *see Holland v. Jackson*, 124 S.Ct. 2736 (2004), and *Mitchell v. Esparza*, 540 U.S. 12 (2003). Of particular moment is *Middleton v. McNeil,* 124 S.Ct. 1830 (2004). Most recently, see *Pace v. DiGuglielmo,* __ U.S. __ (April 27, 2005). Particularly the Supreme Court opined, "not every ambiguity, inconsistency or deficiency in a jury instruction raises to the level of a due process violation." With regard to the two opinions of the Court of Appeals of Indiana attached as Appendix "A" and "B" here, there is a basic presumption of correctness in 28 U.S.C. §2254(e)(1). The burden is on the petitioner to rebut the presumption of correctness by clear and convincing evidence. The issues covered by the November 12, 1999 opinion of the Court of Appeals of Indiana included the following:

  (1) the state trial court erred in allowing the state to withdraw the plea agreement;
  (2) the state trial court erred in not suppressing the evidence of a pretrial identification;
  (3) the state trial court erred in restricting testimony regarding military service;
  (4) the state trial court erred in restricting testimony regarding criminal status;

(5) the state trial court erred in admitting testimony from a prior trial;
(6) the state trial court erred in giving certain proposed instruction;
(7) the state trial court conviction was not supported by sufficient evidence.

The state Court of Appeals determined that the state trial court properly refused to enforce an <u>oral</u> plea agreement that out-of-court identifications properly were admitted. The cross examination was properly limited, and any claims with regard to prior testimony had been waived and were otherwise without merit. The instruction refused on aggravated battery was appropriate, and the testimony of one Hardy was not incredibly dubious.

After the trip to the Court of Appeals in 1999 on August 8, 2000, this petitioner returned to the Vanderburgh Circuit Court and filed a petition for post-conviction relief which was denied approximately a month later. That denial was the basis of the second trip to the Court of Appeals of Indiana as reflected in its opinion entered April 15, 2004. See Appendix "B." It needs to be noted that in the petition to transfer to the Supreme Court of Indiana, there were no claims made with regard to ineffective assistance of trial counsel. Such may be of some moment under *O'Sullivan*.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

It is to be noted that the petition for relief under 28 U.S.C. §2254 was signed by this

3

petitioner on August 23, 2004, but was not actually filed in this court until September 24, 2004. This petitioner gets the benefit of the rule in *Houston v. Lack,* 487 U.S. 266 (1988). Noted again is the filing of the amended petition on March 30, 2005. In addition to the above Supreme Court cases cited, *Williams v. Taylor*, 529 U.S. 362 (2000) is at the heart of the correct approach to this case.

In regard to the claim that the state trial court failed to properly instruct the jury regarding accomplice liability, the same is procedurally defaulted under *Coleman v. Thompson*, 501 U.S. 722 (1991), *rehr'g denied*, 501 U.S. 1277 (1991). *See also Franklin v. Gilmore*, 188 F.3d 877 (7th Cir. 1999). With regard to the claims regarding ineffective assistance of trial counsel, the principal assertion appears to be that trial counsel was ineffective for failing to object to the jury instruction on accomplice liability. The Court of Appeals gave close consideration to that issue, and their ruling is fully supported under *Strickland v. Washington*, 466 U.S. 668 (1984). *But see Sanders v. Cotton*, 398 F.3d 572 (7th Cir. 2005). The same is true with regard to the assertions about ineffective assistance of appellate counsel.

With regard to the sufficiency of evidence with regard to the convictions, examination commences with *Jackson v. Virginia*, 443 U.S. 307 (1979), as well as the bundle of Supreme Court decisions cited above. There is also a procedural deficiency here since the issue of sufficiency of evidence was not presented to the Supreme Court of Indiana under *O'Sullivan*. In any event, the Court of Appeals of Indiana especially with the so-called Hardy testimony got it correct. The Hardy testimony was for the jury to determine with regard to credibility,

4

and not the appellate courts, and not this court, on collateral review. The so-called lesser included instruction was also not presented to the Supreme Court of Indiana.

The crime here is serious, and the proceedings must be handled with great care. To some extent, the arguments advanced by the petitioner smack in some respects as a common law appeal. That is simply not the procedure involved here under 28 U.S.C. §2254. It also needs to be understood that the petition was originally filed pro se. However, documentation is presented here indicating that indeed during the appellate process in the state appeals courts and Supreme Court of Indiana, a special assistant to the Public Defender of Indiana acted on behalf of this petitioner. Copies of his presentation to the state Supreme Court under a date of on or about September 17, 2004 have been carefully examined here. When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** April 26, 2005

                                  **s/ ALLEN SHARP**
                            **ALLEN SHARP, JUDGE**
                            **UNITED STATES DISTRICT COURT**