UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **FARAJI OMAR GARTH,** ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v.  ) | No.3:04cv0595 AS |
| ) | |
| **CECIL DAVIS, Superintendent,** ) | |
| **Indiana State Prison,** ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

This court takes full notice of the record in this case at least through April 28, 2005.  However, this pro se petitioner was granted leave to file a traverse on May 3, 2005 which was in fact filed on May 6, 2005, and which this court has now examined.  Much of what was said in this court's memorandum and order entered April 26, 2005 remains highly relevant to this case.  This is not a common law appeal of a state criminal conviction.  The federal jurisdiction of this court is exercised in a highly limited way focusing on alleged violations of the Constitution, statutes and treaties of the United States.  *See Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. denied*, 489 U.S. 1088 (1989).

This court continues to take seriously the twin decisions decided by the Supreme Court of the United States on November 4, 2002 in *Early v. Packer*, 123 S.Ct. 362 (November 4, 2002), and *Woodford v. Visciotti*, 123 S. Ct. 357, 360-61 (November 4,

2002).  Certainly the reported decision of either of the highest appellate courts in Indiana is entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1).  The unpublished decision of the Court of Appeals of Indiana on November 12, 1999 affirmed the aforesaid convictions and sentence.  This defendant-petitioner did not seek transfer to the Supreme Court of Indiana.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  Later on April 15, 2004, the Court of Appeals of Indiana in an unpublished decision affirmed the judgment of conviction.  That state Appeals court determined that this petitioner's free-standing claim of jury instruction error was waived for failure to raise the issues on appeal.  The Court of Appeals of Indiana further determined that trial counsel was not ineffective under the Sixth Amendment of the Constitution and under the relevant authority in *Strickland v. Washington*, 466 U.S. 668 (1984).  The court also determined that the accomplice liability instruction was not fundamental error.  The Supreme Court of Indiana denied transfer on that opinion June 17, 2004.  The petition here was signed on August 23, 2004, and this petitioner is entitled to any benefit under *Houston v. Lack,* 487 U.S. 266 (1988).

     This petitioner is hard pressed here to get around *Coleman v. Thompson*, 501 U.S. 722 (1991), *rehr'g denied*, 501 U.S. 1277 (1991).  On the issue of ineffective assistance of counsel, recently the Court of Appeals for the Seventh Circuit in *Knox v. United States*, No. 04-1938 (7th Cir. March 9, 2005) slip at pps. 5-6 stated: "The lawyer who concentrates attention on issues that have the best chance of success does not display

2

objectively deficient performance and thus does not render ineffective assistance of counsel. A failure to anticipate shifts in legal doctrine cannot be condemned as objectively deficient." Very wise words. The evidence is described and the two opinions by the Court of Appeals of Indiana is sufficient to sustain the convictions here. One needs to look closely at what was preserved under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) in the Supreme Court of Indiana. For example, the petitioner now claims that the victim's testimony was so incredibly dubious as to render it worthless and insufficient to sustain his convictions. This issue was raised on direct appeal but was not presented to the Supreme Court of Indiana. *O'Sullivan* is certainly a Supreme Court decision that must be taken seriously. A federal court may not address the merits of a habeas petition unless the state courts have had a full and fair opportunity to review the claims being made. *Farrell v. Lane*, 939 F.2d 409 (7th Cir. 1991), *cert. denied*, 502 U.S. 944 (1992) and *Jenkins v. Gramley*, 8 F.3d 505 (7th Cir. 1993).

This court cannot here gainsay the determination by the Court of Appeals of Indiana with regard to the testimony of one Hardy. This court must confess that the issue raised with regard to the instruction with regard to the instruction causes considerable concern here. *See*, for example, *Sanders v. Cotton*, 398 F.3d 572 (7th Cir. 2005). But for *Sanders*, this court would be very inclined to go with the reasoning and result of the Court of Appeals of Indiana. However, *Sanders* is a binding precedent here that must be respected. On the very narrow question of the state court instructions, it tilts in favor of

3

the granting of this writ which this court must admit it is **GRANTING** with considerable reluctance.  However, the doubts will be resolved in favor of the applicability of *Sanders* as a binding precedent here.  For that narrow reason, the writ is now **GRANTED** upon the condition that this petitioner be retried in the state courts of Indiana within six (6) months.  **IT IS SO ORDERED**.

      **DATED:**  June 9, 2005

                                                        s/ ALLEN SHARP
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**